WILLIAM L. COLE, Adm'r, &c. *v.* WALTER F. LEAK and WIFE.

1. EXECUTOR : DISTRIBUTION : RES ADJUDICATA.—If in a plenary proceeding by the heirs, or one of them, against the administrator, for distribution of the estate, the accounts of the administrator be litigated and a decree rendered, settling the contested items, and ascertaining and fixing a balance due for distribution, it will not be competent for the administrator afterwards, on final settlement, to claim credit for items then settled against him, or to demand allowance for credits which then existed in his favor, and which he might then have presented and had allowed.

2. EXECUTOR: FINAL ACCOUNT : RES ADJUDICATA.—A plea interposed by the distributees to the final account of an administrator, that the matters and things therein contained had been adjudicated, or might have been adjudicated in a proceeding for distribution of the estate, which had theretofore taken place, is not good, as a technical bar to the audition and allowance of the account, but is valid as an exception to such credits claimed by the administrator in the account, as had been adjudicated, or might have been adjudicated, as stated in the plea.

3. EXECUTOR : REFUNDING BOND : NATURE AND EFFECT OF.—The refunding bond required by law, of the distributees, when distribution is ordered before final settlement, binds them to refund only their due proportion of debts and the costs attendant on their recovery, which may thereafter appear against the intestate ; hence an administrator will not be entitled to claim, on final settlement, credit for debts due to him at the time distribution was made ; it was his duty, if any then existed, to have presented them for allowance in that proceeding.

APPEAL from the Probate Court of Kemper county. Hon. William G. Gill, judge.

*T. Reavis,* for appellant,

Filed an elaborate brief, and cited and relied on the following authorities. Hutch. Code, 665, §§ 91, 92 ; 1 Cushm. 563 ; *Keith* v. *Jolly,* 4 Cushm. R. 131 ; *Steen* v. *Steen,* 3 Cushm. 514 ; Hutch. Code, 669, § 184 ; *Hardy* v. *Gholson,* 4 Cushm. 70 ; *Robbins* v. *M'Millan,* 4 Ib., 434 ; 3 Phil. Ev. (by C. & H.) 826, 955.

*D. C. Glenn,* for appellee,

Cited *Leak* v. *Cole,* 5 Cushm. 767.

FISHER, J., delivered the opinion of the court.

The appellant, as administrator of the estate of Peter H. Cole,

deceased, presented his final account to the Probate Court of Kemper county for allowance, and asked to be discharged as such administrator. The account shows the estate to be indebted to the administrator in about the sum of                    dollars. The appellees being distributees of the estate, appeared in court, and interposed as a plea in bar to the allowance of the account, a decree of the court, made at a former term, in a contest between the said distributees and the administrator, in which it is alleged, the matters embraced in the account were either put in issue and then adjudicated, or ought to have been put in issue and settled by said decree. This plea being set down for hearing, was by the court sustained, and the account accordingly rejected. From which decree this appeal is prosecuted.

It appears from the record, that the appellees filed a petition in said court, for the purpose of compelling the administrator to account for certain property and assets of the estate, for which it was alleged that he had failed to account, and to have decreed to them their distributive share of said estate, upon their executing such refunding bond as is required by the statute; that the administrator answered the said petition, and did not then make known any claim against the estate, or set forth any debt, which it then owed him; on the contrary, the court corrected his former account, if such it could be termed, and compelled him to return to the estate about the sum of five hundred dollars, being the amount by him retained on account of an excess of interest, accrued on certain debts, which the estate owed, and which had been paid by agreement of the parties in slaves, at their appraised value. The administrator was not only charged with this sum, but was decreed to pay it over to the distributees. The account presented on final settlement, embraces many items of debts alleged to be due to the administrator long before the decree above-named was pronounced; and the question is, whether having failed then to bring these matters before the court, in that proceeding, he is now precluded from having the same allowed.

It is almost impossible for an administrator of ordinary intelligence to mistake his duty under the law, especially in regard to the matters involved in this controversy. The administrator was re-

quired to make annual settlements of his accounts with the Probate Court, or to furnish the court with sufficient reasons for failing to do so. In the proceeding for distribution, therefore, we must suppose, in the absence of a showing to the contrary, that the annual settlements, if made, were considered by the court, or if they were not in fact made, it was because the administrator had no accounts to settle. Whatever therefore should have been brought to the knowledge of the court by an annual settlement, or should have been brought forward upon the proceeding for distribution, we have no hesitation in saying, should not be made the subject of litigation, after the decree for distribution, for the plain reason that the distributee is only bound under the law, and by the very terms of his refunding bond, to refund a due proportion of any debts or demands which may afterwards appear against the intestate, and the costs attendant on the recovery of such debts. Hutch. Code, 655, § 91.

The administrator is not permitted to say, that claims which he held before the decree was pronounced, are debts which have since such decree appeared against the estate. He had already been allowed claims exceeding seven thousand dollars against his intestate, and the presumption is, that he brought forward at the same time his entire demand; and if it was not all allowed, it was because he failed to establish it to the satisfaction of the court.

As to credits which could not be allowed or adjudicated in the proceeding for distribution, or in a previous annual settlement, we are of opinion that the plea, considered merely as an exception to the account, ought not to be sustained.

Our conclusion, therefore, upon the whole case is, that while the plea, as a technical plea in bar, cannot be sustained, yet, as an exception taken to so much of the account as ought to have been considered in the proceedings for distribution, is good, and as such ought to be sustained. As to matters accruing since said proceedings, we are of opinion that the Probate Court ought to proceed to consider the same, and either allow or reject the account as to such items, according to the proof.

Decree reversed, and cause remanded, to be proceeded in according to this opinion.